## GRANT v YOUNKMAN

Ohio Appeals, 9th Dist, Summit Co

No 2851. Decided April 12, 1937

420

Brouse, Englebeck, McDowell, May & Bierce, Akron, for appellant.

Musser, Kimber & Huffman, Akron, for appellee.

## OPINION

By STEVENS, PJ.

The action below was one for the recovery of damages for personal injuries alleged to have been sustained by the plaintiff, a minor, when he was struck by an automobile driven by the defendant. The collision occurred at the intersection of Second Street and Broad Boulevard in the city of Cuyahoga Falls, Ohio, at about 7:30 on the evening of October 28, 1934.

Trial to a jury in the Common Pleas Court resulted in a verdict and judgment in favor of the defendant, and appeal on questions of law brings the cause before this court, where the plaintiff seeks a reversal of the judgment entered by the trial court.

The bill of exceptions is not complete, and merely contains excerpts from the evidence taken during the trial proper, consisting mainly of evidence pertaining to the violation by defendant of §12603, GC, and certain additional evidence taken upon the hearing on the motion for a new trial.

Two assignments of error are urged by the plaintiff: first, the refusal on the part of the trial court to charge before argument upon the statute requiring the defendant to operate his automobile in such manner as to be able to stop the same within the assured clear distance ahead, under §12603, GC; and second, misconduct of the jury.

The charge before argument pertaining to §12603, GC, which the trial court refused to give was as follows:

"VIII. You are instructed, as a matter of law, that the defendant in approaching the intersection at the time and place herein complained of, was required to operate his automobile in such a manner as to be able to stop the same within the assured clear distance ahead, and if you find by a preponderance of the evidence that the speed of the defendant, at the time and place complained of, was such as did not enable him to stop said automobile within the assured clear distance ahead, and that plaintiff was injured as the direct and proximate result of such failure on the part of the defendant, while the plaintiff was himself in the exercise of ordinary care, then your verdict must be for the plaintiff."

The subject of assured clear distance ahead was not covered in the general charge of the court.

It will be observed that the fifth specification of negligence contained in plaintiff's amended petition was as follows:

"Defendant was operating said automobile on Broad Boulevard at a greater speed than would permit him to bring said automobile to a stop within the assured clear distance ahead."

That pleading thus raised the issue as to the violation of the assured clear distance portion of §12603, GC.

The requested charge before argument, in the opinion of this court, stated a correct proposition of law and, upon the authority of **Hunter v Brumby, 131 Oh St 443,** the requested charge should have been given before argument, and it was prejudicial error for the trial court to refuse to give the same.

The second assignment of error, having to do with the misconduct of the jury, is emphatically borne out by the record. We are, however, unable to conclude that the conduct of the jury resulted in prejudice to the rights of the plaintiff, and while said conduct was most reprehensible, said conduct alone would not, in our opinion, warrant a reversal of the judgment of the trial court.

However, for error in the refusal of the trial court to give the requested charge before argument above set forth, the judgment of that court is reversed, and the cause remanded for further proceedings according to law.

WASHBURN and DOYLE, JJ, concur in judgment.